[Civ. No. 18642. Second Dist., Div. One. May 8, 1952.]

FRED SHERRILLO, Appellant, v. STONE AND WEBSTER ENGINEERING CORPORATION (a Corporation), Respondent.

786

Victor C. Rose, Alfred M. Klein and Robert P. Dockeray for Appellant.

Bauder, Gilbert, Thompson & Kelly for Respondent.

WHITE, P. J.—Plaintiff appeals from a judgment for defendant, entered upon the verdict of a jury, in an action for damages for personal injuries sustained by plaintiff when he stepped on and fell through a scaffold erected and maintained by the defendant, Stone and Webster Engineering Corporation. Plaintiff was a workman in the employ of a subcontractor on a building project of which defendant was the general contractor. It was charged that the scaffold was erected in a negligent manner, with the result that when plaintiff stepped upon the scaffold it collapsed.

Appellant presents the following assignments of error:

"(1) The court and respondent committed misconduct in bringing to the attention of the jury the fact that appellant was entitled to receive workmen's compensation benefits.

"(2) The court erred in refusing to instruct the jury upon the subject of what constitutes an invitee.

"(3) The court erred in instructing the jury upon the subject of contributory negligence when there was no evidence sufficient to justify such an instruction.

"(4) The court committed error in refusing certain instructions requested by appellant on the subject of res ipsa loquitur.

"(5) The court erred in instructing the jury on the subject of imputed negligence without at the same time giving plaintiff's requested instruction on defendant's continuing duty.

"(6) The court erred in instructing the jury with respect to an unavoidable or inevitable accident.

"(7) The verdict of the jury is contrary to the evidence."

The admission of evidence concerning the receipt of workmen's compensation benefits by the plaintiff came about in the following manner: On direct examination of a medical expert testifying on behalf of the plaintiff, the witness, in describing certain measures taken in the treatment of plaintiff, said, "And, incidentally, I remember distinctly calling the insurance company for a consultant in chest diseases and a Dr. Robinson was sent out, . . . ." On cross-examination of the witness by defendant's counsel, the following occurred:

"Q. Yes. And in order that there shall be no misunder-

standing ·here, you say that when this lung condition was most acute you called the insurance company to get a specialist in? A. That is right.

"Mr. Sokol (Plaintiff's attorney): Object to that as incompetent, irrelevant and immaterial; prejudicial.

"The Court: Objection overruled.

"Q. By Mr. Bauder (Defendant's attorney): Is that right? A. That is right.

"Q. And that was the company that was involved in this case through the Midwest Pipe Company (plaintiff's employer), wasn't it? A. That is right.

"Q. Sir? A. Mr. Sokol: Object to that, formal objection, your Honor, under the *Dodds* v. *Liberty Mutual* case[1], decided by the Supreme Court, and move that the jury be admonished to disregard any reference to it.

"The Court: Well, I will now instruct the jury *as was intimated by counsel at the outset of this case,* that the fact that there may be insurance involved on behalf of any party to this action has nothing to do with the issue we are trying here.

"Mr. Bauder: That is correct, your Honor.

"The Court: Of course, it must be obvious to all of us that this man, being hurt in the course of his employment, would be subject to the benefits of the Compensation Act before the Industrial Accident Commission. That, however, does not bar him from bringing this action here.

"Mr. Bauder: Not at all.

"Mr. Sokol: In fairness, your Honor, I move that under *Dodds* v. *Liberty Mutual* I have to ask your Honor to——

"The Court: All right, what is your citation to it? Let's get it.

"Mr. Sokol: Well, I won't take the time now. Your Honor made the statement that——

"The Court: Your witness has already referred to something he did with respect to some insurance carrier. Now, it is proper to clean the matter up for the jury angle. If he hadn't alluded to it, I would have held it out.

" . . . . . . . . . . . ."

Thus the record shows that the question of insurance was first injected into the trial (aside from whatever intimations in that regard were made by counsel as indicated in the court's

---

[1] Presumably *Dodds* v. *Stellar*, 30 Cal.2d 496 [183 P.2d 658], involving the lien of the employer or the employer's insurance carrier on the claim of an injured workman against a third party.

remarks above quoted) by the statement of plaintiff's own witness that he had called "the insurance company" for a consultant, a statement that might well be deemed prejudicial to the defendant. Defendant's counsel thereupon sought to bring out that the insurance company referred to was not an insurer of defendant but the compensation insurance carrier of plaintiff's employer. Then, after the colloquy between court and counsel and the court's statement, hereinabove quoted, the matter was apparently dropped, and, so far as the record discloses, plaintiff made no further request that the court give to the jury any further instruction or admonition on the subject.

The average reasonably well-informed person who may be called to serve upon a jury knows that a workman injured in his employment receives compensation. It is a delusion to think that this aspect of the case can be kept from the minds of the jurors simply by not alluding to it in the course of the trial. It is better that the jurors be fully instructed as to the law—that the plaintiff should be fully compensated according to the rules for ascertaining his damages without regard to compensation he may have received, since the insurance carrier who paid his compensation will be reimbursed out of his judgment—than that the jurors, knowing that the plaintiff has received some compensation, but not knowing or being uncertain as to the law applicable, should be left to speculate in the jury room as to the effect of their verdict.

 So here, under the circumstances presented by the record, the plaintiff would have been entitled to have the court instruct the jury as was done in *Adams* v. *Southern Pac. Co.*, 82 Cal.App.2d 560, 564, 565 [186 P.2d 729]. In that case the trial court explained to the jury that the insurance carrier had paid compensation to the plaintiffs; that it had a first lien upon any judgment recovered (Lab. Code, §§ 3850-3863), and that therefore the jury, in assessing the damages, should not deduct any amounts received by the plaintiffs from the insurance carrier.

However, as heretofore noted, no request for an amplified instruction on the subject of compensation was made. The plaintiff cannot now assert prejudicial error with reference to the court's statement to the jury when he failed to offer such instructions as he deemed proper. Had suitable instructions been requested, undoubtedly they would have been given, but the plaintiff apparently elected to leave the matter as it stood. The law is well established that when a

request for more specific instructions than those given is not made by an appellant, and when the instructions given are accurate, error cannot be urged in this court because of the failure of the trial court to give more specific or enlarged instructions. As was said in *People* v. *Carothers*, 77 Cal.App.2d 252, 255 [175 P.2d 30], "Where an instruction on a particular point or points as given by the court is correct as far as it goes, and the only valid objection, if any, to it is that it is deficient or inadequate by reason of its generality, indefiniteness, or incompleteness, if defendant desires additional, amplified, explanatory, fuller, or more complete, elaborate, comprehensive, definite, specific or explicit instructions on such point or points, he must properly request the same, otherwise error cannot be predicated upon the failure to give such additional instructions."

█ The prejudice, if any, to defendant resulting from the omission of the trial court to give a fuller instruction on the subject of workmen's compensation was occasioned by his own omission to request such instruction. The fact of "insurance" was first brought into the case by plaintiff's own witness. In these circumstances, a reversal of the judgment is not warranted.

█ There is no merit to the contention that the court erred in rejecting proffered instructions on who is an invitee and the duty owed toward an invitee. The court properly instructed the jury as to the degree of care required of defendant toward plaintiff in the circumstances of this particular case, and the proffered instructions would have been of no aid to the jury. The degree of care owed the plaintiff by defendant was not challenged at the trial, and with reference to such degree of care there was no dispute.

█ The court gave an instruction on the doctrine of res ipsa loquitur, advising the jury that from the happening of the accident there arose an inference that its proximate cause was the negligence of the defendant; that if such inference preponderated over contrary evidence it warranted verdict for plaintiff, and that it was incumbent upon defendant to rebut the inference by showing that it exercised ordinary care or that the accident occurred without being proximately caused by any failure of duty on its part. Appellant urges that further instructions on the subject of res ipsa loquitur, proffered by him, should have been given. His contention cannot be sustained. The trial court gave a favorable instruction, to the effect that under the evidence the doctrine was appli-

cable. The instructions offered by plaintiff, relating to "control of the instrumentality," lack of knowledge of plaintiff as to the cause of the accident, the fact that properly constructed scaffolds do not break or fall, were superfluous, in view of the instruction given and all the other instructions in the case. Had the trial court given the instructions requested by plaintiff the effect would have been to simply emphasize one aspect of the case in favor of plaintiff. An examination of the entire record discloses that the court fully, fairly and correctly instructed the jury upon all of the issues tendered by the pleadings or raised by the evidence. This was all either party was entitled to.

The court did not err in giving the jury an instruction to the effect that "In law, we recognize what is termed an unavoidable accident . . . an accident that occurred without having been proximately caused by negligence. . . ." Nor was it error to instruct the jury on the subject of contributory negligence. ██ The defense of unavoidable accident need not be specially pleaded, but is raised by a general denial of negligence (*Parker* v. *Womack*, 37 Cal.2d 116, 121 [230 P.2d 823]). ██ An instruction on the subject is appropriate when there is a conflict of evidence on the question of defendant's negligence, since the burden of proof is on plaintiff to show that there was negligence and that it proximately caused the accident, and a failure of proof in this regard may warrant a conclusion that the accident was unavoidable. ██ A showing of unavoidable accident is equivalent to a showing that the defendant was not negligent or that his negligence was not a proximate cause of the accident. (*Parker* v. *Womack, supra; Jolley* v. *Clemens*, 28 Cal.App.2d 55, 72, 73 [82 P.2d 51].) ██ With reference to contributory negligence, there was evidence from which it could be inferred by the jury that the defendants took safety measures, including, aside from inspections, the posting of safety bulletins requesting that workmen on the scaffold should not interfere with the planking in the course of their operations, and that plaintiff in the exercise of ordinary care should have read these bulletins and in the light thereof taken reasonable precautions before stepping on the scaffold. There was evidence that the planks and plywood used on the scaffold were disarranged from time to time, and the jury would be warranted in concluding that plaintiff, knowing these conditions from the warnings contained in the safety bulletins, failed to exercise ordinary care.

■ Appellant's point No. 5 affords no ground for reversal. That defendant's duty of ordinary care was a "continuing" duty was sufficiently covered by the instruction that it was the obligation of the defendant to furnish to the employees of the subcontractors a safe place to work, "so far as reasonable care on his part will enable him to do so."

■ The argument that the verdict is contrary to the evidence may not be sustained. Under the evidence, the jury could well have concluded that the defendant exercised ordinary care in the taking of safety measures, including inspections and safety bulletins and warnings to the workmen. The evidence of care on the part of defendant was such as to present to the triers of fact the question of whether the inference of negligence had been met and overcome.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 28, 1952, and appellant's petition for a hearing by the Supreme Court was denied July 7, 1952. Carter, J., was of the opinion that the petition should be granted.