SMITH, FRANK A., Associate Judge.
This was an action for damages against defendants, the corporation as owner and the individual driver of a motor vehicle which injured the plaintiff. The appeal is from an order granting a new trial after a verdict in favor of defendants. The parties are referred to herein as they stood in the trial court.
The grounds upon which the motion was granted were the stock grounds of contrary to the evidence, contrary to the law and evidence and “That the court erred in instructing the jury on the subject of workmen’s compensation.”
We will first deal with the last ground. The occasion for the giving of the instruction was the asking by a juror of a question about workmen’s compensation. The incident occuired at the close of argument of counsel and immediately before adjourning for the day. The next morning following full charges as to the law applicable to the case and near the end of his instructions the judge undertook to answer the juror’s question. Certainly the situation required that some answer be given, but the question is whether in answering it harmful error was committed.
The answer given was that “as far as the evidence shows defendant did not carry compensation, was under no obligation to carry workmen’s compensation insurance; there is no evidence whether or not Stone & Webster, plaintiff’s employer, carried workmen’s compensation insurance; of courses they are responsible themselves but it makes no difference whether or not the carrier carried workmen’s compensation *252 insurance; that in any event they or their carrier is entitled to be repaid the amount that has actually been paid out to plaintiff; the Court does not know what that amount is but the court in a hearing will determine what is fair and reasonable for them to receive * * * or in other words to recompensate them out of any verdict that you should award plaintiff.’ ”
Thereupon the judge instructed the jury that they should make up their verdict without regard to any claim that Stone & Webster may have, or if it has a carrier, that the carrier may have. The instructions were concluded with a statement that plaintiff is entitled to recover full compensation and a repetition of the statement that if it be found that there may be compensation that Stone & Webster will have the right for reasonable and fair amount to be determined by the court against the verdict he gets.
Defendants cite and rely upon the decision in the California case of Sherrillo v. Stone & Webster Engineering Corporation, 110 Cal.App.2d 785, 244 P.2d 70, 73, in which evidence of workmen’s compensation had inadvertently come into the case and in which the court' expressed its views in the following language, to-wit:
“The average reasonably well-informed person who may be called to serve upon a jury knows that a workman injured in his employment received compensation. It is a delusion to think that this aspect of the case can be kept from the minds of the jurors simply by not alluding to it in the course of the trial. It is better that the jurors be fully instructed as to the law —that the plaintiff should be fully compensated according to the rules for ascertaining his damages without regard to compensation he may have received, since the insurance carrier; who paid his compensation will be reimbursed out of his judgment — than that the jurors, knoiving that the plaintiff has received some compensation, but not knowing or being uncertain as to the law applicable, should be left to speculate in the jury room as to the effect of their verdict.’’ (Emphasis supplied.)
We readily agree with the first portion of the statement to the effect that jurors have knowledge that injured workmen generally receive workmen’s compensation and further agree that it was proper for the court to give some responsive-answer to the question. It was in order that the judge instruct them that the matter of workmen’s compensation was not an issue in the trial, that there was no evidence as to same and that they should in no wise consider the matter of workmen’s compensation. In effect the judge did so inform-them, but unfortunately he did so’at great length and to such an extent that they very easily may have given it undue consideration to the detriment of the proper consideration of the issues before them. As stated in some decisions the injection of some foreign or extraneous matter tends to cloud the true issues and confuse the jury.
In regard to the Sherrillo v. Stone & Webster case supra, it is pointed out that a statute in California makes admissible in-trial evidence concerning the amount of disability or death benefits paid by the employer to the employee. When the evidence is properly admitted in the case, then there is justification -for instructions in-regard to same, whereas we have no such statute.
Plaintiff has cited the Alabama case of Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553, in which evidence of workmen’s compensation had been admitted and the court in disapproving of the trial court’s action in receiving same, in no uncertain language expressed the opinion that the only effect of such evidence was to becloud the issues in the case and divert the minds of the jury therefrom.
In the Virginia case of Johnson v. Kellam, 162 Va. 757, 175 S.E. 634, 637, because *253 evidence was admitted of receipt of payment of insurance by plaintiff for his injury, the court held that he was entitled to a new trial as to amount of damages, the court assigning its reason that “Inasmuch as the prejudicial error in admitting the improper evidence regarding the insurance in all probability influenced the jury in fixing the amount to be awarded.”
Likewise in dealing with a similar situation the Texas court in its case of Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 278 S.W.2d 207, 210, spoke as follows:
“While it is material in a workmen’s compensation recoupment suit for the insurance carrier to intervene and to plead payment of benefits to the injured workman, this is a matter which is addressed onnly to the court. This, because it is not material on the trial of the issues of the third party’s liability to the injured workman whether there was workmen’s compensation carried and benefits paid or not. And, since information concerning workmen’s compensation is not material on a determination of the issues of liability of the third party, and since such information would tend to confuse and mislead the jury in trying the issues of the third party’s liability, it is reversible error for any pleadings or proof relating to such workmen’s compensation to be brought before the jury.”
Also see Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, and Dallas Railway & Terminal Company v. Hendrix, Tex.Civ.App., 261 S.W.2d 610, 613.
The fact that the question occurred at the very last of the trial except for the charges and that likely jurors would carry it home in their minds and speculate about the question makes it more serious. Moreover, the giving of the explanation nearly at the end of the instructions, the matter being so fresh in their minds, would tend to focus their attention upon it when they immediately began their deliberations. No one can know what effect it may have had upon the jurors. We are well aware of a general hostility on the part of jurors to render decisions favoring insurance companies and other corporations. Moreover, the same as jurors have general knowledge in regard to workmen’s compensation, it well may be that they had knowledge that Stone & Webster was a large corporation operating throughout the United States. It causes us to wonder whether the jury would be as favorably disposed toward rendering a verdict for the plaintiff if they thought that Stone & Webster or its carrier would benefit therefrom. So much was said about this compensation that the jurors might even conclude that plaintiff had already been -fully compensated.
Certainly the eminent trial judge was exercising a sound discretion in ordering that a verdict rendered under such circumstances should not stand, but that the action should be retried for the purpose of obtaining a verdict free from such doubt.
The order is affirmed.
KANNER, C. J., and ALLEN, J., concur.