[Civ. No. 5686. Fourth Dist. Apr. 15, 1959.]

MINNIE JONES, Appellant, v. JOHN REGAN et al., Respondents.

Morris B. Chain and Milton M. Younger for Appellant.

Baker, Palmer, Wall & Raymond for Respondents.

SHEPARD, J.—This is an action for damages for personal injuries alleged to have been suffered from a fall caused by a defective porch floor. Judgment was for defendants and plaintiff appeals.

Plaintiff's husband was employed by defendants in 1952 and as a part of his employment was furnished a home for himself and family. The original home was supplanted a few months later in the same year by another home in which one of the defendants had lived up to that time. Plaintiff lived

therein with her husband and family about four years before the accident complained of occurred. She testified that she stepped onto the porch; that her heel broke through the floor; and that she was thereby caused to trip and fall, suffering injury as a proximate result of the alleged defective condition of the floor.

Plaintiff's evidence indicates that the porch floor condition, which she claimed caused her heel to break through the floor, was known to her and her husband during all of said four years; that she or her husband called this condition to the attention of defendants at least six times, one of which times was just prior to the time plaintiff and her husband moved into it. The evidence on whether or not defendants covenanted to keep the house and porch in repair is in conflict, and there is also some conflict on whether any promise by defendants to repair, if made at all, was made after occupancy and as a mere gratuity without any new consideration.

In addition to the usual standard instructions on witnesses, inferences, presumptions, negligence, ordinary care, contributory negligence, proximate cause, burden of proof, the jury's prerogative to decide all facts and weigh all evidence, elements of damage, and jury room procedure, the court also gave the following instruction:

"Your verdict, when you reach it, will be merely for or against the plaintiff's contentions, and if favorable to her will specify the amount of her damages. However, in order to reach your decision you will take up the questions presented to you in the order I will indicate.

"First, you must decide whether the defendants, the landlord, owed any duty of care to the plaintiff. This depends on whether the defendants undertook and agreed to assume the responsibility to repair, which is a matter of contract. If you should decide that there was no such contract, your verdict would be for the defendants. If you find under these instructions and on the evidence you have heard that the defendants expressly and unequivocally bound themselves to make repairs, and that this included repairs to the porch or stoop, thus assuming a legal duty, you will next determine whether that duty has been breached by the defendants. The questions here to be determined lie in the legal field of negligence or contributory negligence and proximate cause. If the defendants assumed the duty but were not negligent in the performance of it, or if their negligence was not a proximate

cause of plaintiff's injury, your verdict will be in their favor. If you find that the defendants owed the duty and were negligent, proximately causing the injury, and the plaintiff was not contributorily negligent, your next duty will be to fix the amount of plaintiff's damages.

"In considering the question as to whether or not the defendants were legally bound to make repairs, you will have in mind that such liability of a landlord exists only in case of an express covenant or promise by him to make the repairs, which promise is included in the lease or otherwise supported by consideration. The evidence must fairly show the existence of a definite and explicit agreement between the parties, not merely an assumption by the tenant, that the landlord will make the repairs; and this agreement must either be a part of the original leasing agreement, or be supported by other consideration—that is, if the landlord's promise was not included in the original lease, the tenant must have given some thing or promise of value in return for the landlord's special promise to repair. Legally this could occur at a point of time after the original agreement to lease. The landlord's agreement need not be in writing in order to be binding.

"In the absence of such an agreement as I have described, the landlord has no duty to repair. Indeed, in the absence of consideration, the mere failure of a landlord to make repairs, even after a promise to do so, does not render the landlord liable for injury sustained by the tenant or a member of the tenant's household.

"For the purpose of this case the plaintiff, Mrs. Jones, may be considered a tenant and entitled to the benefit of any rights against the Regans that her husband may be found to have had.

"I have referred to the term 'express covenant' or 'contract.' An express agreement is one that is set forth or declared with emphatic or unmistakable distinctness; that is, one that is exact, plain and clearly stated by the parties. That is the definition that appears in the Funk & Wagnall's New Standard Dictionary. In Webster's New International, an express agreement is said to be one that is directly and distinctly stated; express; not merely implied or left to inference."

During the jury's deliberations it returned to the court and requested the rereading of the foregoing instructions. This was done by the court except the last paragraph above set

forth. The court then said: "And I defined the word 'express' from the dictionary. Do you want that?" A Juror: "No." Thereafter the jury again retired and later returned a verdict for defendants.

Plaintiff states the questions on appeal are first, whether it was prejudicial error for the court to give the above quoted instruction formulated by the court, and second, whether it was prejudicial error to refuse to give both or either of the instructions requested by plaintiff.

■ The law which forms the background for the opposing contentions of the parties is well settled in California.

"In the absence of fraud, concealment or a covenant in the lease, a landlord is not liable to a tenant or his invitees for defective conditions or faulty construction in leased property. [Citations.] If a plaintiff is seeking to recover against a lessor on the theory that he has a cause of action falling within any exception to the general rule, such plaintiff must plead and prove facts which will bring him within the exception under which he claims." (*Hogan* v. *Miller,* 153 Cal. App.2d 107, 114 [4] [314 P.2d 230].)

"The mere failure to make repairs after notice or a promise to do so imposes no tort liability on a landlord." (*Dorswitt* v. *Wilson,* 51 Cal.App.2d 623, 625 [2] [125 P.2d 626].)

■■ In cases where the landlord has covenanted to keep the premises in good repair a landlord may be liable in tort for a defective or dangerous condition known to him or which with reasonable diligence he should have known, and in such cases previous knowledge of the defective or dangerous condition is not, of itself, conclusive evidence that a plaintiff failed to exercise due care or was guilty of contributory negligence. (*Harris* v. *Joffe,* 28 Cal.2d 418, 425 [7] [170 P.2d 454]; *Mariotti* v. *Berns,* 114 Cal.App.2d 666, 673 [5] [251 P.2d 72]; *Foster* v. *A. P. Jacobs & Associates,* 85 Cal. App.2d 746, 755 [193 P.2d 971]. Under such circumstances the question whether or not plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury, and a reviewing court is not authorized to substitute its deductions for those of the trial court. (*Foster* v. *A. P. Jacobs & Associates, supra*; *Harris* v. *Joffe, supra.*) ■ The mere failure to make repairs after notice or a gratuitous promise without consideration imposes no tort liability on the landlord. (*Sherrard* v. *Lidyoff,* 108 Cal.App.2d 325, 327 [3] [239 P.2d 28].)

. ▮ The tortious liability of a landlord is limited to the case of an express covenant to make the repairs included in the terms of the lease, or otherwise supported by a consideration. (*Scholey* v. *Steele*, 59 Cal.App.2d 402, 405 [4] [138 P.2d 733]), quoted in *Mariotti* v. *Berns, supra.*

" 'In the absence of special warranty or agreement (to repair or maintain) the tenant . . . assumes all risks arising from damages which are obvious to ordinary observations.' " (*Colburn* v. *Shuravlev*, 24 Cal.App.2d 298, 299 [1] [74 P.2d 1060] ; *Watwood* v. *Fosdick*, 212 Cal. 84, 85 [1] [297 P. 881] ; *Chapman* v. *Title Ins. & Trust Co.*, 68 Cal.App.2d 745, 750 [2] [158 P.2d 42] ; *Zavalney* v. *Donovan*, 70 Cal.App.2d 182, 184 [1] [160 P.2d 558].)

▮ It will be noticed in the instruction given that the trial court repeated in other places other words to show what it meant by the words "expressly and unequivocally bound themselves to make repairs." For example, it stated "The evidence must fairly show the existence of a definite and explicit agreement between the parties, not merely an assumption by the tenant, that the landlord will make the repairs." At another point in the instruction is stated, "An express agreement is one that is set forth or declared with emphatic or unmistakable distinctness; that is, one that is exact, plain and clearly stated by the parties; . . . one that is directly and distinctly stated; express; not merely implied or left to inference."

Webster's Unabridged Dictionary gives the following definitions:

Express: "Directly and distinctly stated, definite, clear, explicit, unmistakable.

Explicit: "Distinctly stated, plain in language, unequivocal, express, not ambiguous." ·

Unequivocal: "Clear, sincere, plain, not ambiguous."

It will be seen from the foregoing that the words "express," "unequivocal" and "explicit," as used in the instruction are in fact practically synonymous, and while under other facts and situations there might be distinctions and the form of instruction might well be unacceptable, we think under the facts presented by the evidence in the case at bar the court's meaning must have been reasonably clear to the jury, to wit, that the evidence must fairly and reasonably show to the jury by a preponderance of the evidence that there was an express agreement by defendants to maintain and keep in repair the porch in question. After a review of the entire

record, we are not able to say that the giving of this particular instruction was prejudicial error.

■ We are satisfied that the law, as contained in the two instructions not given, about which plaintiff complains, was sufficiently covered in the instruction quoted and the court was under no duty to repeat a statement of law already given. (*People* v. *Clark*, 116 Cal.App.2d 219, 225 [8] [253 P.2d 510]; *People* v. *Deibert*, 117 Cal.App.2d 410, 426 [34] [256 P.2d 355].)

■ Complaint is made that the court did not define in greater detail what the word "consideration" meant. It is well settled in this state that if a party desires greater amplification he must properly request the same, otherwise error cannot be predicated upon the failure to give such additional instructions. (*Sherrillo* v. *Stone & Webster Eng. Corp.*, 110 Cal.App.2d 785, 790 [2] [244 P.2d 70].) From a reading of the whole record it appears to us that the cause was fairly tried and that the jury was given a fair understanding of the law applicable to the peculiar facts adduced in this case.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 15, 1959.