[Civ. No. 24695.   Second Dist., Div. Three.   June 2, 1961.]

FRANCES DAYTON et al., Appellants, v. ARTHUR D. LANDON, Respondent.

Cy H. Lemaire and Gary Mohi for Appellants.

Spray, Gould & Bowers for Respondent.

VALLÉE, J.—Appeal by plaintiffs from an adverse judgment entered on a jury verdict in an action for damages for

personal injuries to plaintiff Frances Dayton and for damage to plaintiffs' automobile.

Stating the evidence in the light most favorable to defendant, the facts are: About 4 p. m. on November 12, 1957, plaintiff Frances Dayton, having finished work at a Douglas Aircraft plant, drove out of the company parking lot alone in a Plymouth automobile onto the company's private road. Many other employees were leaving the plant; the traffic on the private road was "bumper to bumper"; everyone was going home. A Mr. Fair was driving his Cadillac ahead of Mrs. Dayton. Pedestrians were crossing four cars ahead of him. The car in front of him made a sudden stop. He gave a signal and applied his brakes. While Mr. Fair was stopped, a Mr. Scott got into Mr. Fair's car. When the Cadillac stopped, Mrs. Dayton did not stop. She did not apply her brakes or give a signal. Mrs. Dayton's car struck the rear end of the Fair car, bounced back about 5 feet, hitting defendant's car which was stopped.

█ Plaintiffs contend the evidence does not support the verdict. The point is untenable. They say, "According to the immutable or unchangeable laws of science and of nature" defendant's version of the accident is physically impossible and his evidence is inherently improbable. They say, further, they proved their case by preponderance of the evidence.

█ We agree with what is said in *Foshee* v. *Wolters,* 86 Cal.App.2d 766 (p. 770) [195 P.2d 930] : "It is also common knowledge that in a violent collision a car may be driven some distance in the opposite direction from which the impact comes."

Our opinion in *Postier* v. *Landau,* 121 Cal.App.2d 98 [262 P.2d 565], is directly in point. █ We said (p. 101) :

" 'Common experience and observation teach us that strange and astonishing things sometimes happen in the world of physical phenomena, and accidents sometimes appear to happen in manner unaccountable. For these reasons an appellate court must be careful not to give to dogmatic and undemonstrated conclusions respecting natural laws precedence over the testimony of apparently credible witnesses; and the mere fact that the admitted circumstances make the story of the witnesses seem improbable will not justify a reversal by an appellate tribunal upon the ground that the verdict is contrary to the evidence.' (*Austin* v. *Newton,* 46 Cal.App. 493, 498 [189 P. 471].) . . . █ 'Testimony is not inherently improbable unless it appears that what has been related or

described could not have occurred. (*People* v. *Klinkenberg*, 90 Cal.App.2d 608, 627 [204 P.2d 47, 613].) ■ "To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] ■ Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758].)' (*Transcoso* v. *Transcoso*, 96 Cal.App.2d 797, 798 [216 P.2d 172].)

"Unless we can say that, under undisputed physical facts, defendant was negligent and plaintiff was not contributively negligent, we must affirm the judgment. It is not sufficient that the story told by defendant and his wife may be improbable. It was for the jury and the trial judge to weigh and balance the probabilities. The trial judge denied plaintiffs' motion for a new trial. We cannot reverse on the ground that the implied findings of the jury are unsupported by the evidence, unless we can say that the facts impliedly found contravene recognized physical laws and that, therefore, the accident could not have happened in the manner described by defendant and his wife. That we cannot say.

"What plaintiffs ask, in effect, is that we try the case *de novo* on the record, reject all of the implied findings of the jury and substitute findings of our own. There is evidence which would have supported contrary findings. That the jury and the trial judge rejected that evidence does not impeach the soundness of their conclusions. Plaintiffs have failed to establish any greater grievance than they might in any case where the evidence would support a conclusion either way, but where the trier of fact has decided it to weigh more heavily for the other party. Such a choice between two permissible views of the evidence is not error."

■ This instruction was given at the request of plaintiffs and defendant: "Negligence is the doing of an act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person.

"Negligence is not an absolute term, but a relative one. By this we mean that in deciding whether there was negligence in a given case, the conduct in question must be considered in the light of all the surrounding circumstances as shown by the evidence."[1]

Plaintiffs say the court should have gone further and defined and applied the term "ordinary care" to the particular facts of the case. The court gave the instruction on ordinary care quoted in the margin.[2] If plaintiffs desired greater amplification of the instruction, they should have requested it. Not having done so, they cannot predicate error on the failure to give such an instruction. (*Jones* v. *Regan,* 169 Cal.App.2d 635, 641 [337 P.2d 889].)

On its own motion the court gave this instruction: "The law imposes upon the operator of any vehicle using a public highway, and upon a pedestrian, the same duty, each to exercise ordinary care to avoid causing an accident from which injury might result."[3]

Plaintiffs assert prejudicial error.

▇ Plaintiffs say the instruction has been applied only in accidents involving a pedestrian and an automobile. The evidence is uncontradicted that pedestrians were crossing in front of the fourth car ahead of the Cadillac. There was evidence the Cadillac stopped suddenly because the car ahead of it stopped suddenly. There was also evidence the Cadillac stopped to pick up a Mr. Scott and there was evidence that a pedestrian passed in front of the Cadillac before it stopped. Thus there was an indirect issue as to whether the Cadillac stopped because the cars ahead stopped for pedestrians or because of a pedestrian passing in front of it or to pick up a pedestrian. On the facts, the instruction was proper insofar as it dealt with the duties of an operator of a vehicle and a pedestrian.

▇ Plaintiffs' second attack on the instruction is that it did not apply to the facts because the accident occurred on a private road, not on a public highway. ▇ " 'It is not reversible error for the court to instruct the jury upon a principle of law, even though there may be an entire absence of evidence on that particular subject, unless it also

---

[1]BAJI 101 (rev.).

[2]" 'Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or to others.' " (BAJI 102.)

[3]BAJI 201.

appears that the jury was misled and prejudiced thereby.' ''
(*Cannis* v. *Di Salvo Trucking Co.,* 111 Cal.App.2d 893, 898
[245 P.2d 365].)

In *Withey* v. *Hammond Lbr. Co.,* 140 Cal.App. 587 [35
P.2d 1080], the accident occurred on private property, not
on a public highway. The trial court gave this instruction
(p. 603) : " 'The driver of any vehicle upon a public high-
way, before starting such vehicle, shall first see that such
movement can be made in safety, and if it cannot be made
in safety, shall wait until it can be made in safety. If you
find from the evidence in this case that the defendants, or
any of them, in starting such truck upon the public highway,
towit, Broadway Street, Los Angeles, California, did not first
see that said truck could be started with safety, then the
defendants or such of them as were responsible for the move-
ment of the truck were guilty of negligence.' '' Error was
asserted on review. The court held (p. 604) :

"Considering the whole instruction together, it correctly
states, in an abstract form, the duty of the driver of a vehicle,
either on a public highway or a private driveway, to other
persons under the general rule requiring every person to so
conduct himself and so to use his property that injury will
not result to others—*sic utere tuo ut alienum non laedas*—
thus rendering him liable for his wrongful acts whether wil-
fully or carelessly done. This rule and maxim are embraced
and defined in section 1714 of our Civil Code, which provides :
'Every one is responsible, not only for the result of his wilful
acts, but also for an injury occasioned to another by his want
of ordinary care or skill in the management of his property
or person.' '' (Also see *Altomare* v. *Hunt,* 101 Cal.App.2d
10, 12-14 [224 P.2d 904].)

The court, in addition to defining negligence, gave
all the customary instructions on proximate cause, contribu-
tory negligence, concurrent negligence of two or more persons,
and imputed negligence.[4] Considering the fact that all the
evidence was that the accident happened on a private road
on the private property of Douglas Aircraft and the other
instructions given, the jury could not have been misled to
plaintiffs' prejudice.

Plaintiff requested and the court refused to give
this instruction: "It is the duty of the driver of a motor

---

[4] The instructions thus given were BAJI 101-F, 101-I, 103-I (rev.),
103-C, and 104-B.

vehicle using a public highway to be vigilant at all times and to keep the vehicle under such control that, to avoid a collision, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position."[5]

In their proposal for instructions to be given, plaintiffs said "(omit) (using a public road)." Plaintiffs assign error. There was no error. The proposed instruction contained merely the statement of a commonplace familiar to all. (*Cf. Estate of Nutt,* 181 Cal. 522, 529 [185 P. 393].)

It is asserted the court erred in instructing on contributory negligence. The assertion is predicated on the theory that all the evidence as to the occurrence of the accident introduced by defendant was both physically impossible and inherently improbable, a theory which, as we have said, is untenable.

Lastly, it is contended the court erred in denying plaintiffs' motion for a new trial on the ground of newly discovered evidence. In support of the motion, plaintiffs filed two declarations: one by Iva Lee Moore, and one by R. M. Covarrubias. The one by Mrs. Moore stated: On November 12, 1957, she was employed at the Douglas plant; she saw the accident; she was in a car directly behind defendant's car; traffic stopped; plaintiffs' car was hit from behind by defendant's car. The declaration of Mr. Covarrubias stated: On November 12, 1957, he was employed at the Douglas plant; he saw the accident; three cars were involved; he "was immediately behind the car that was behind" defendant's car; defendant's car ran into plaintiffs' car "which was already stopped."

The newly discovered evidence was cumulative. At the trial three witnesses testified that defendant's car hit plaintiffs', and plaintiffs' car did not bounce back and hit defendant's car. Evidence which merely strengthens plaintiffs' position on a conflict in the evidence produced at the trial is cumulative evidence. Where the motion is based on the ground of newly discovered evidence, it must appear that the evidence is not cumulative. An order denying a new trial on the ground of newly discovered evidence is a matter largely in the discretion of the trial court and will not be disturbed unless an abuse of discretion clearly appears. (See cases collected 34 West's Cal. Dig., New Trial, § 104.) No abuse of discretion is shown.

---

[5]BAJI 201-F.

Plaintiffs also appeal from the nonappealable order denying a new trial. That appeal will be dismissed.

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

Ford, J., concurred.

SHINN, P. J.—I concur in the judgment.

I do not commit myself to the belief that as the three automobiles were traveling at 15 miles per hour "bumper to bumper" the first one stopped, the second one, 3 feet behind the first, bumped into it, and then bounced back 5 feet and collided with the third car, which was standing still. However, it was not necessary for the jury to believe, nor is it necessary for us to believe in that phenomenon. The jury no doubt believed, as I do, that when the second car stopped the third car, driven by defendant, ran into it. But the jury had good reason to believe that it was not proved by a preponderance of the evidence that in failing to avoid a collision defendant was negligent.