[Civ. No. 21174. First Dist., Div. Three. Dec. 23, 1963.]

PAUL E. PELLMAN, Plaintiff and Appellant, v. ROBERT HANSEN, Defendant and Respondent.

John M. Quinn, Elke, Farella & Braun and Jerome I. Braun for Plaintiff and Appellant.

Pelton, Gunther & Gudmundson and E. J. Heerwagen, Jr., for Defendant and Respondent.

DRAPER, P. J.—Plaintiff appeals from judgment entered upon jury verdict for defendant in this personal injury action. His sole contention is that the evidence is insufficient to sustain the verdict.

Plaintiff drove south on Presidio Avenue in San Francisco and crossed California Street. Defendant drove north on Presidio moving slowly while he signaled for a left turn into California. The cars collided at about the southerly line of the crosswalk.

The pattern of traffic lane markings on Presidio is odd. In the block north of California a single white line runs down the middle of the street. This line ends at the northerly edge of California. South of California, Presidio is divided by a double white line, which is not in the center of the street, but 5 feet west of the center. The effect of these markings is to place a jog or offset, in the "center line" marking, so that one driving south would, in crossing California Street, have to move 5 feet to his right to be on the right side of the double line which starts at the south side of the intersection, and must make that movement without guidance of any traffic lane marking over the 60-foot width of California Street.

Defendant testified that his car was to the right of the double line at moment of impact, and that he had not started to turn left. Plaintiff testified that he was in his proper lane, and that defendant's car turned across the lane line to strike him. In part, however, this view was based on plaintiff's position before he reached California, and his testimony is somewhat equivocal as to his recognition of the 5-foot jog. After the collision, the left front portion of defendant's car was slightly across the double line.

Plaintiff argues that it is physically impossible for defendant's car to have been moved to the left by the impact. We are not uniquely modest in disclaiming ability to ordain that the accident could not have happened as defendant testified (see *Dayton* v. *Landon*, 192 Cal.App.2d 739, 742-743 [13 Cal. Rptr. 703], and cases there cited). Plaintiff's other arguments even more clearly seek to have us reweigh the evidence.

The jury could have concluded that plaintiff failed to move to the right sufficiently to accommodate the unusual pattern

of traffic lanes, and that thus it was plaintiff, and not defendant, who was negligent. Whether we would have reached the same conclusion as triers of the fact is immaterial. We find evidence of substance to support the verdict.

Judgment affirmed.

Salsman, J., and Devine, J., concurred