405 So.2d 1011 (1981)
Emil PFISTER and Grace Pfister, His Wife, Appellants,
v.
PARKWAY GENERAL HOSPITAL, INC., Appellee.
No. 80-2201.
District Court of Appeal of Florida, Third District.
October 13, 1981.
Rehearing Denied December 4, 1981.
*1012 Greene & Cooper, Joan M. Bolotin and Marc Cooper, Philip Auerbach, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael Murphy, Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Appellant Emil Pfister underwent surgery at Parkway General Hospital. Two weeks later, as he chatted with the wife of the patient in the next bed, a floor-buffing machine broke apart and crashed into his bed. During the trial of his action against the hospital, the court instructed the jury that as a matter of law, the hospital was negligent. The jury then deliberated concerning whether that negligence was a legal cause of the loss, injury, or damage sustained by Emil Pfister. The court instructed, "If the greater weight of the evidence does not support the claim of the Plaintiffs, then such negligence was not a legal cause of loss, injury or damage." The jury returned a verdict in favor of Parkway General Hospital, Inc.
Appellant seeks reversal on two grounds: first, he contends the verdict was against the weight of the evidence. Next, he argues that the court's refusal to charge the jury not to reduce compensatory damages by amounts he received from collateral sources was error. We affirm.
First, appellant contends that in light of the directed verdict establishing liability and the uncontroverted evidence of injury to him, the verdict in favor of appellee was improper. We disagree. Although the question concerning the hospital's negligence was determined as a matter of law, whether that negligence caused injury was a fact to be decided by the jury. Questions of proximate cause are generally decided by a jury unless the issue is so clear that reasonable men cannot differ. Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187 (Fla. 1977); Brightwell v. Beem, 90 So.2d 320 (Fla. 1956). The evidence presented by appellant was controverted by appellee. A review of the record reveals that a jury of reasonable people could have returned a verdict for appellee. See Midstate Hauling Company v. Fowler, 176 So.2d 87 (Fla. 1965); Biltmore Terrace Association v. Kegan, 130 So.2d 631 (Fla.3d DCA 1961).
Next, we consider appellant's contention that the court should have cautioned the jury against reductions for collateral source payments. The court instructed on negligence, legal cause, and damage. The jury found either that the hospital's negligence caused no injury or damage or that the negligence was the proximate cause of damage but that appellant's receipt of payments from a collateral source negated further payment. The latter finding would have been improper, but because a special interrogatory verdict was not used, it is impossible for us to determine which ground the jury relied upon in reaching its verdict. In the absence of an objection to the use of the general verdict, the "two issue" rule dictates that reversal would be improper because appellant is unable to demonstrate prejudice. Whitman v. Castlewood International Corp., 383 So.2d 618 (Fla. 1980); Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978).
Although we agree that the court's failure to instruct against reducing damages for collateral source payments could require *1013 reversal, where, as here, the verdict may have been based on either of two grounds, we must affirm.
In light of the court's instruction to the jury that if it found for Parkway General Hospital it should not consider the question of damages, and without a special interrogatory verdict to enable us to determine upon which of the two theories the jury based its verdict, we find no error.
Affirmed.