422 So.2d 1051 (1982)
Mark KREITZ and Jennie Kreitz, Appellants,
v.
Walter THOMAS, Richard Thomas and Prudential Property and Casualty Insurance Company, Appellees.
No. 82-597.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
*1052 John R. Gillespie, Jr., of Gillespie, McCormick, McFall, Gilbert & McGee, Pompano Beach, for appellants.
Mottlau & Wakefield, P.A., and Mark Hicks of Daniels & Hicks, Miami, for appellees.
PER CURIAM.
We reverse and remand this suit for personal injuries for a new trial because of the trial court error in admitting into evidence statements of payments received from Workers' Compensation as a collateral source contrary to the provision of Florida Statute 627.7372(3) (1981). Not only was this done in violation of the statute, it was done in violation of the order entered in limine, and it was done over plaintiff's objection.
Plaintiff claimed only a relatively small permanent injury and the jury verdict was that he had none. Thus, the issue being close, the fact that plaintiff had been paid Workers' Compensation benefits may have indeed influenced the jury on the question of plaintiff's damages and the degree and extent of same. It very well could have concluded that the Workers' Compensation benefits were sufficient recompense and thereby declined to find that he had a permanent injury.
We reverse and remand upon authority of Cook v. Eney, M.D., 277 So.2d 848 (Fla. 3d DCA 1973); Gates & Sons, Inc. v. Brock, 199 So.2d 291 (Fla. 1st DCA 1967); and Tampa Sand and Material Company v. Johnson, 103 So.2d 250 (Fla. 2d DCA 1958).
Reversed and remanded.
BERANEK, HERSEY and WALDEN, JJ., concur.