[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12294
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00437-CV-3-MCR-MD

DEBORAH YALE,

Plaintiff-Appellant,

versus

STAPLETON CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 29, 2010)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

## I.

Deborah Yale was injured while working at Bass Pro Shop in Destin, Florida when a step ladder that she was using collapsed. Yale brought a products liability action against Stapleton Corporation, the step ladder's manufacturer, seeking to recover under theories of strict liability, negligence, and negligent failure to warn. After a two-day jury trial, the jury returned a verdict in Stapleton's favor on all three claims. The district court entered judgment in accordance with the jury's verdict and denied Yale's motion for a new trial. This is Yale's appeal. She contends that the district court erred by discussing worker's compensation during voir dire and by refusing to give a proposed jury instruction.

## II.

During voir dire the district court asked, "Have any of you or an immediate family member been either a plaintiff, meaning you filed a lawsuit, or a defendant, meaning a lawsuit was filed against you, in a civil case?" A prospective juror responded that her husband had filed a worker's compensation case against his employer. After more questioning, the court asked the juror whether her husband had filed a civil lawsuit against his employer or a worker's compensation claim. When the juror responded that she "thought that was the same thing," the court explained: "No. In worker's compensation, you should understand, in worker's

compensation, if you are employed and you work for someone and you were injured on the job, you are automatically covered through that employer's workers' compensation insurance for your injuries. There is no issue of fault involved." The court distinguished Yale's lawsuit stating: "In this case, Ms. Yale is suing—not the employer, she was working for Bass. She was an employee of Bass Pro Shop, but she is suing Stapleton Corporation, the manufacturer of the step stool in this case. This is not an issue of worker's compensation in this case."

Yale contends that the court's statement that employees are "automatically covered" by their employers' worker's compensation insurance informed the jury that she had been paid worker's compensation benefits for her injuries in violation of Florida's collateral source rule. See Sheffield v. Superior Ins. Co., 800 So. 2d 197, 200 (Fla. 2001) ("Upon proper objection, the collateral source rule prohibits the introduction of any evidence of payments from collateral sources."). We disagree. The court explained to the prospective juror how the worker's compensation system differs from traditional civil litigation. The court never suggested that Yale had filed a worker's compensation claim or received worker's compensation benefits. Cf. Sosa v. Knight-Ridder Newspapers, Inc., 435 So. 2d 821, 826 (Fla. 1983) (reversible error to allow defense counsel during closing arguments to inform the jury that the plaintiff had received worker's compensation

3

benefits); Kreitz v. Thomas, 422 So. 2d 1051, 1052 (Fla. 4th DCA 1982) (concluding that trial court committed reversible error by admitting into evidence statements establishing that the plaintiff had received worker's compensation benefits); Grossman v. Beard, 410 So. 2d 175, 176–77 (Fla. 2d DCA 1982) (reversible error to admit evidence that plaintiff's medical and hospital bills were paid by workers' compensation); Clark v. Tampa Elec. Co., 416 So. 2d 475, 477 (Fla. 2d DCA 1982) (reversible error to admit evidence of plaintiff's income before and after accident; error could not be cured by giving collateral source rule instruction).

We find John Deere Company v. Thomas, 522 So. 2d 926 (Fla. 2d DCA 1988), to be persuasive. In John Deere, the defendant's counsel asked prospective jurors during voir dire whether they had "ever been injured on the job and brought a worker's compensation claim." Id. at 926–27. The plaintiff immediately moved for a mistrial, but the court denied the plaintiff's request. Id. at 927. After the jury returned a verdict for the defendant, the court granted the plaintiff's motion for a new trial concluding that defense counsel's remark "likely influenced the jury against the [p]laintiff at the very start of the trial." Id. The Second District Court of Appeal disagreed observing that nothing about the defense counsel's remark suggested that the plaintiff had filed a worker's compensation claim or received

4

worker's compensation benefits.  See id. ("[T]he trial court ascribed a higher degree of impact or effect to the question than can reasonably be said to have occurred.").  The court also noted that the remark was an isolated event "occur[ing] at the very onset of the trial proceedings and not at a point proximate to the jury's deliberation."  Id.  The court determined that any prejudicial effect was remedied by the five day delay between the voir dire and the jury's deliberation.  See id.

As in John Deere, nothing in the court's exchange with the prospective juror in this case suggested that the plaintiff had filed a worker's compensation claim or received worker's compensation benefits.[1]  The reference to worker's compensation was an isolated event occurring long before the jury deliberated.

---

[1]At an earlier stage of the proceedings, the plaintiff's counsel seemed to agree with that conclusion.  During a discussion about a proposed jury instruction, the plaintiff's counsel and the district court had the following exchange:

Plaintiff's Counsel: [T]he jury is aware that [Yale] did get worker's compensation benefits. . . .
Court: How is the jury aware?
Plaintiff's Counsel: They were told in jury selection.
Court: No, they weren't told in jury selection.
Plaintiff's Counsel: I may be misremembering. . . .
Court: I think what happened, if I recall, is one of the panel members who was on the jury . . . discussed prior claims that her husband had brought that were worker's compensation claims, and I drew the distinction for the panel in respect to those, but there's been no evidence that she filed for workers' compensation.
Plaintiff's Counsel: I agree with that, Your Honor.  I'm not accusing the Court or anyone of anything. . . .

5

Cf. Tampa Sand and Material Co., Inc. v. Johnson, 103 So. 2d 250, 253 (Fla. 2d DCA 1958) (finding reversible error where trial court responded to juror's question about worker's compensation during the jury charge). It was meant merely to determine whether the prospective juror could remain impartial in light of her husband's experience. We conclude that no error occurred.

### III.

Yale also contends that the district court erred by failing to give a proposed jury instruction on worker's compensation—which she characterizes as "curative." We review a district court's refusal to give a requested jury instruction for abuse of discretion, and "[w]e reverse when we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." United States v. Lopez, 590 F.3d 1238, 1247 (11th Cir. 2009) (quotation marks omitted). Yale proposed a two-paragraph instruction. The first paragraph informed the jury that "even if someone is injured while working on the job, they have a legal right to bring a claim against any party they feel is responsible for those injuries." The second paragraph explained to the jury that Yale would have to repay the worker's compensation benefits that she had received if the jury awarded her damages. The district court's refusal to give the proposed jury instruction was not an abuse of discretion. As the court correctly pointed out,

6

worker's compensation was not an issue in Yale's trial. The instruction would have interjected an extraneous matter into the proceeding clouding the actual issues and confusing the jury. Accordingly, we affirm the court's judgment.

**AFFIRMED.**