277 So.2d 848 (1973)
Herman COOK, Appellant,
v.
Irving P. ENEY, M.D., Appellee.
No. 72-719.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Rehearing Denied June 11, 1973.
*849 Feldman & Abramson, and Charles P. Lipcon, Miami, for appellant.
Blackwell, Walker, Gray & Powers, and James E. Tribble, Miami, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and JOHNSON, DEWEY M., Associate Judge.
JOHNSON, DEWEY M., Associate Judge.
In this medical malpractice suit, plaintiff has appealed from a judgment entered pursuant to a jury verdict in favor of defendant-appellee.
We do not deem it necessary to set forth all the evidence adduced during the trial of this cause, for the only issue which is dispositive of our ruling herein is as follows: Did the trial court err in allowing defense counsel to question plaintiff-appellant with respect to his receipt of social security and workmen's compensation benefits?
It is appellee's contention that the trial court did not so err because this evidence regarding receipt of social security and workmen's compensation benefits was offered for the limited purpose of rebutting or impeaching the appellant's earlier testimony concerning his motivation and desire to return to work. We cannot and do not agree with the appellee's contention herein.
As noted in 77 A.L.R.2d 1154-1167, it is the general rule that to bring before the jury information as to an injured plaintiff's right to workmen's compensation benefits constitutes prejudicial error, since such information is likely to influence the jury against the plaintiff on the issues of liability or damages. In a liability suit against a third party (the appellee in this *850 case), the issue of whether the plaintiff has received the benefits of any payment under workmen's compensation, social security or other insurance-type programs is not material. The purpose of the suit is to attempt to establish liability on the part of the defendant, and in most instances the presence of benefits inuring to the plaintiff as a result of his injuries is not a proper consideration for the jury. Gates & Sons, Inc. v. Brock, 199 So.2d 291 (Fla.App. 1st, 1967), and cases cited therein.
The appellee's argument that evidence of social security and workmen's compensation benefits was offered only to rebut appellant's testimony regarding his motivation to return to work was effectively disposed of in the United States Supreme Court case of Eichel v. New York Central Railroad Company, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), and we quote:
"... In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension... . [a showing of] receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact."
Appellee further contends that even if it were error to permit the appellant to be cross-examined with respect to his receipt of workmen's compensation and social security benefits, the error was harmless. It is argued that such an error did not affect the appellant's substantial rights since the introduction of collateral benefits can affect only the question of recoverable damages, a question upon which the jury herein did not pass, inasmuch as no liability was found on appellee's part. We cannot agree with this contention either.
The only question before the jury was whether the appellant's injuries resulted from the appellee's negligence. Appellee's suggestion that evidence of receipt of collateral benefits would be restricted to the issue of damages, and would not affect the determination of liability, ignores that the evidence was presumably considered without qualification as bearing on a basic fact essential to liability. It cannot be said with any degree of certainty that the jury did not determine that since the appellant was otherwise being taken care of, there should be no recovery against appellee in tort. The admission of evidence of receipt of other benefits may indeed have led the jury to believe that appellant was trying to obtain a double or triple payment for one injury.
For the reasons stated herein, it is our conclusion that appellant is entitled to a new trial free from the error of admitting testimony or evidence concerning the receipt of benefits by appellant from collateral sources. Our disposition of this case on this point renders moot the other issues raised by appellant in this appeal.
Reversed and remanded for new trial.