PER CURIAM.
Plaintiff-appellants appeal an order granting the motions of defendant-appel-lees for a new trial.
Plaintiff, Stephen Peppe, a minor, by and through his father, Richard Peppe, Sr. and Richard Peppe, Sr., individually, brought this action against defendants, Mary L. Clow, George A. Martin and their liability insurers State Farm Mutual Automobile Insurance Company and The Travelers Insurance Company for brain damage sustained by the plaintiff, Stephen Peppe when a vehicle owned by Mary L. Clow and operated by George A. Martin crossed over the center line on State Road 84 and struck the car in which plaintiff was a passenger on September 1, 1972. Subsequently the cause proceeded to trial by jury. In plaintiff’s counsel’s closing argument to the jury, the following colloquy which is the subject matter of this appeal, took place.
“MR. PROENZA: Folks, you have heard a lot of argument and I have got thirteen minutes left and then you won’t hear my voice again. I have got to respond to what they said for thirty some-odd minutes in thirteen.
*887 “Mr. Barnett just stood up here and he told you that these folks have an interest in this case. These folks have insurance and that is what will pay this judgment, the insurance company.
“MR. WILLING: I object to that.
“THE COURT: I do not know whether the insurance will pay it or not, neither do you, not all of it. I do not know what the coverage is.
“MR. PROENZA: They will pay all that we need in this case. Yes, they will.” [Emphasis supplied]
Thereafter, the jury returned a verdict in the total sum of $235,000 which represented the amount plaintiffs had prayed for (although broken down differently). The actual insurance coverage totaled $150,000. All defendants filed motions for new trial and after hearing oral argument thereon, the trial judge ordered a new trial on all issues of the claims of the plaintiffs on the grounds that because of the comments of plaintiffs’ counsel about the insurance coverage during closing argument, the jury had been influenced prejudicially resulting in a verdict contrary to the law and evidence. Plaintiffs appeal therefrom. We affirm.
Subject to the exception that where an examination of the entire record reflects a tone which indicates in no wise any adverse effect upon the jury’s verdict, it never was intended that policy limits should go to the jury. Stecher v. Pomeroy, Fla.1971, 253 So.2d 421. Likewise, we hold conversely that a plaintiff is not entitled to inform the jury that the subject insurance policy will cover the amount of damages which plaintiff is seeking.
We are of the opinion that the remark of plaintiffs’ counsel in his closing argument that the insurance would pay all that plaintiffs’ need was highly prejudicial, particularly in view of the fact that immediately prior thereto the trial judge had cautioned counsel and stated that he did not know what the coverage was. We also cannot ignore the fact that the jury returned a verdict in the exact amount prayed for by the plaintiffs.
Thus, we have determined that under the circumstances in the case sub judice, the prejudicial conduct was so extensive that it impaired a calm and dispassionate consideration of the case by the jury.
However, we deem it necessary to hold a new trial only on the issue of damages and, accordingly, remand the cause to the trial court for a new trial limited thereto. In all other respects the order herein appealed is affirmed.
It is so ordered.