309 So.2d 10 (1975)
Daisy M. WILLIAMS, Appellant,
v.
John R. PINCOMBE and H.O.J. National Leasing Ltd., a Foreign Corporation, Appellees.
No. 73-985.
District Court of Appeal of Florida, Fourth District.
February 14, 1975.
Rehearing Denied March 24, 1975.
*11 Nolan Carter, of Carter, Anstine, Martin & Barnett, Orlando, for appellant.
W. Marvin Hardy, III, of Gurney, Gurney & Handley, Orlando, for appellees.
CROSS, Judge.
Appellant-plaintiff, Daisy M. Williams, appeals a final judgment entered in favor of appellees-defendants, John R. Pincombe and H.O.J. National Leasing, Ltd., in a cause of action seeking damages resulting from an automobile accident. We reverse.
On March 23, 1972, Daisy M. Williams, was injured in an automobile accident when the automobile she was driving was struck by an automobile owned by defendant, H.O.J. Leasing, Ltd., and operated by defendant, John R. Pincombe.
Thereafter, the plaintiff filed suit against the defendants. Trial was by jury. The jury returned a verdict in favor of defendants, and the trial court entered a final judgment accordingly. It is from this final judgment that the plaintiff appeals.
The sole question for our determination is whether the trial court erred in admitting evidence that the plaintiff had been receiving since 1970 welfare benefits for her children for the purpose of rebutting the plaintiff's testimony regarding her motivation to return to work.
A similar question was presented to the Third District Court of Appeal in Cook v. Eney, 277 So.2d 848 (Fla.App. 1973), a medical malpractice suit. In Cook, evidence was admitted at trial that social security and workmen's compensation benefits inured to the injured victim as a result of his injuries for the limited purpose of impeaching testimony concerning the victim's desire to return to work. Our sister court in Cook determined that the evidence of the victim's receipt of insurance-type benefits was not material in a liability suit against a tortfeasor and was not a proper consideration for the jury; that such evidence tended to confuse and mislead the jury on the issue of the tortfeasor's liability and its admission at trial constituted error prejudicial to the victim; and that insofar as the evidence bears on the issue of malingering, our sister court concluded that there generally will be other evidence having more probative value and involving less likelihood of prejudice than the victim's receipt of insurance-type benefits.
Turning to the instant case, the trial court admitted evidence that the plaintiff, Daisy M. Williams, had been receiving since 1970 welfare benefits for her children for the purpose of impeaching the plaintiff's testimony regarding her motivation to return to work. As stated in the Cook case, the presence of benefits inuring to the victim as a result of injuries received from a tortious act is immaterial and not a proper consideration for the jury. It certainly follows that benefits inuring to plaintiff's children and received by plaintiff on behalf of plaintiff's children is likewise immaterial and not a proper consideration for the jury. Such evidence had the tendency to confuse and mislead the jury on the issue of the defendant's liability and its admission by the trial court constituted error prejudicial to the plaintiff.
Accordingly, the final judgment entered in favor of the defendants is reversed, and the cause remanded for new trial.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.