BASKIN, Judge.
We affirm the trial court order granting plaintiff Blanca Nieve Sosa a new trial on the ground that during defense'counsel’s argument to the jury he commented that plaintiff Sosa had received workers’ compensation payments. The record contains no evidence to support his comments.
Jose Lanza was a news carrier for The Miami News. As participants in a newspaper subscription contest, he and several other news carriers were taken to northwest Miami one evening by a Miami News distribution manager. During the evening, the distribution manager saw Jose Lanza and another news carrier “fooling around.” In order to separate them, he ordered the other news carrier into the car. Because Jose Lanza did not want to be left alone in a strange neighborhood, he ran beside the car, pleading to be allowed to enter the car. His pleas were ignored. After a short time, the driver of the moving car felt a bump; Jose was lying in the street. He died a few days later. He was fourteen years old. Blanca Sosa, his mother, the personal representative of her son’s estate, filed a wrongful death action against the publishers of The Miami News, Knight-Ridder Newspapers, Inc.[1]
Knight-Ridder maintained that under Chapter 440, Florida Statutes (1975)[2] its payment of workers’ compensation benefits precluded plaintiff from filing a wrongful death action.
The jury returned special interrogatory verdicts in which it found that during the evening in question the deceased was an employee of Knight-Ridder Newspapers, Inc. and was, at the time of his death, engaged in activities within the course and scope of his employment. The effect of the verdict was a determination that defendant had established the affirmative defense of workers’ compensation liability and was not liable for further damages.
Plaintiff filed a Motion for New Trial. Although the court had originally denied plaintiff’s motion in limine on the question of workers’ compensation payments, it now decided that it had erred in permitting comment during counsel’s argument on that subject. The court ruled:
6. This Court also awards a new trial as it is the opinion of this Court, based upon the disclosures in the record, that there was no evidence presented by the defendants as to who sought to initiate the claim for workmen’s compensation benefits allegedly received by the decedent’s relatives. No evidence was presented by the defendants in this regard. There is no evidence in this record as to who initiated the request for workmen’s compensation benefits after the decedent was killed. While counsel for the defendants argued benefits were properly requested and lawfully paid, there is no evidence in this record of this fact. Counsel for the defendants argued to this Court, outside of the presence of the jury, that the decedent’s brother made the request for workmen’s compensation benefits. Assuming there was evidence of *918 this (of which there is none), this request would be insufficient. See: Bec Construction Corporation v. Gonzalez, 383 So.2d 1093 (Fla.App.1st 1980). In the instant cause the decedent’s brother was not the personal representative for the estate of the deceased. Whether or not workmen’s compensation benefits were properly obtained or were lawfully obtained was kept from the jury.
7. This Court also grants the motion for new trial on the ground that this Court improperly allowed reference to collateral source to be made to the jury. The trial testimony reflects that counsel for the plaintiff agreed only that certain bills “have been paid.” (T.110). In closing argument, counsel for the defendants argued over the plaintiff’s objection overruled by this Court (T.177, 178), that the bills were paid by the workmen’s compensation carrier. The argument advanced by counsel for the defendants was predicated on facts not in evidence for which a new trial be and the same is hereby granted.
8. In view of the above findings, it is this Court’s opinion that the jury has been deceived as to the force and credibility of the evidence and has been influenced by considerations outside the record. Wackenhut Corp. v. Canty [359 So.2d 430 (Fla.App.)], supra, and Cloud v. Fallis [110 So.2d 669 (Fla.)], supra.
We find no support for appellant’s argument that appellee Sosa had admitted the payment of compensation. Although counsel for appellee Sosa conceded that medical bills had been paid, and thereby relieved Knight-Ridder of the burden of introducing the bills, he did not stipulate that Knight— Ridder had paid worker’s compensation benefits to appellee. We therefore agree with the trial court that it was improper for counsel to argue to the jury matters not supported by the evidence.
If the record supports any ground in a motion for new trial, the trial court’s order granting a new trial must be affirmed. City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977). In our view, the admission of argument of matters riot in evidence supports the trial court’s order. Finding no abuse of discretion in the granting of a new trial, Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978); Cloud v. Fallis, 110 So.2d 669 (Fla.1959), we affirm the trial court.

. The distribution manager and his insurance company were also named as defendants. Plaintiff voluntarily dismissed those claims.

. 440.10 Liability for compensation.—
(1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees, or any physician or surgeon proving medical services under the provisions of s.440.13, of the compensation payable under ss.440.13, 440.-15, and 440.16.
440.11 Exclusiveness of liability.—
(1) The liability of an employer prescribed in s.440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.