410 So.2d 175 (1982)
Michael T. GROSSMAN and Karla J. Grossman, Husband and Wife, Appellants/Cross-Appellees,
v.
Malcolm BEARD, Sheriff, Hillsborough County, State of Florida, and Hillsborough County Board of Criminal Justice, and Appalachian Insurance Company of Providence, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellees,
Hillsborough County Board of Criminal Justice and Appalachian Insurance Company of Providence, a Foreign Corporation Authorized to Do Business in the State of Florida, Cross-Appellants.
No. 80-2124.
District Court of Appeal of Florida, Second District.
January 13, 1982.
Rehearing Denied February 23, 1982.
*176 Robert Goldhagen, Tampa, for appellants/cross-appellees.
James E. Thompson of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellee Malcolm Beard.
Michael L. Kinney of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for appellees/cross-appellants Hillsborough County Bd. of Crim. Justice and Appalachian Ins. Co. of Providence.
BOARDMAN, Judge.
Plaintiffs Michael and Karla Grossman appeal and defendants Hillsborough County Board of Criminal Justice (HCBCJ) and Appalachian Insurance Company cross-appeal a final judgment awarding appellants nothing from appellee/defendant Sheriff Malcolm Beard, but $19,000 damages from cross-appellants. We affirm in part and reverse in part.
Appellant Michael Grossman was employed by the Hillsborough County Hospital as an attendant on the closed psychiatric ward when he was abducted by prisoner Robert Negron, who was making an escape from the HCBCJ's custody, on June 12, 1975. Grossman suffered psychological trauma as a result of the incident and began psychiatric treatment with Dr. Coffer immediately following his brief abduction. The treatment included hospitalization and continued consultations until September 30, 1975. At that point, Grossman was discharged as recovered from the effects of this particular incident. However, Dr. Coffer advised him to continue treatment at the Hillsborough County Guidance Center because of his "preexisting personality problems and conflicts."
More than a year after Grossman's brief abduction and eight months after his discharge by Coffer, he began an extensive course of treatment with Dr. Groff, another psychiatrist.
At trial, appellees were allowed over appellants' objection to introduce evidence that Grossman's medical and hospital bills were paid under Workers' Compensation. Defense counsel's position was that the collateral source rule did not bar this testimony concerning the reasonableness and necessity of this extended psychiatric treatment. Since appellees had an expert who would testify that this type of psychiatric treatment is ineffective unless the patient bears the expense of treatment, the trial court permitted this line of questioning. This was error.
Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla. 1973), ably and concisely sets forth the law on this issue:
As noted in 77 A.L.R.2d 1154-1167, it is the general rule that to bring before the jury information as to an injured plaintiff's right to workmen's compensation benefits constitutes prejudicial error, since such information is likely to influence the jury against the plaintiff on the *177 issues of liability or damages. In a liability suit against a third party (the appellee in this case), the issue of whether the plaintiff has received the benefits of any payment under workmen's compensation, social security or other insurance-type programs is not material. The purpose of the suit is to attempt to establish liability on the part of the defendant, and in most instances the presence of benefits inuring to the plaintiff as a result of his injuries is not a proper consideration for the jury. Gates & Sons, Inc. v. Brock, 199 So.2d 291 (Fla.App. 1st, 1967), and cases cited therein.
The appellee's argument that evidence of social security and workmen's compensation benefits was offered only to rebut appellant's testimony regarding his motivation to return to work was effectively disposed of in the United States Supreme Court case of Eichel v. New York Central Railroad Company, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), and we quote:
"... In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension... . [a showing of] collateral social insurance benefits involves a substantial likelihood of prejudicial impact."
Id. at 849-850. Accord, Williams v. Pincombe, 309 So.2d 10 (Fla. 4th DCA 1975). Accordingly, this case must be reversed for a new trial on the issue of damages.
We have considered the remaining point raised by appellants and the point raised by cross-appellants and find no merit to them.
Accordingly, the final judgment is AFFIRMED with respect to appellee Beard's nonliability to appellants, but REVERSED as to the damage award against cross-appellants, and the cause is REMANDED for a new trial solely on the issue of damages.
HOBSON, Acting C.J., and GRIMES, J., concur.