416 So.2d 475 (1982)
Jack W. CLARK and Sandra Clark, Husband and Wife, Appellants,
v.
TAMPA ELECTRIC COMPANY, Appellee.
No. 81-1808.
District Court of Appeal of Florida, Second District.
June 4, 1982.
Rehearing Denied July 12, 1982.
*476 Edna L. Caruso, and Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellants.
Julian Clarkson and Suzanne S. Barber of Holland & Knight, Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Plaintiffs Jack W. and Sandra Clark appeal a final judgment against them in their action against defendant/appellee Tampa Electric Company. We reverse.
Appellants filed a complaint against appellee seeking damages for Jack Clark's injuries sustained in a fall from a ladder while doing an electrical inspection of a building.
After trial by jury, the jury returned a verdict finding appellee not negligent. Appellants' motion for new trial was denied. Final judgment was subsequently entered in favor of appellee. This appeal followed timely.
Dr. Elliott, Clark's psychiatrist, was asked on cross-examination about secondary gain. Elliott testified that he saw no reason to doubt that Clark was telling him the truth and that he did not find secondary gain. Appellee asked if Clark ever complained about finances. Elliott said Clark had complained about finances because he and his family had to live on less than before the accident. Appellee then asked whether it would make any difference in his opinion if he knew Clark was making more money now that he was disabled than when he was employed. Appellants' objection to this question was overruled. The doctor answered, "It might." Appellee then asked Elliott how much money Clark said he was making before the accident. Elliott testified that Clark had told him he had earned in excess of $100,000. Appellee then asked what income Clark was now receiving and from what sources. Appellants again objected. Appellee argued that the evidence was admissible on the issue of whether Clark was malingering for financial gain to collect disability income, social security, and workers' compensation. Appellants moved for a mistrial. When the motion was denied, appellants' counsel, finding himself between a rock and a hard place, requested the court to give an instruction on the collateral source rule, which the court did. Later in the trial, the court again instructed the jury on collateral sources at appellants' request.
After a recess, appellants again moved for a mistrial. The trial court denied the motion. In proffered testimony, Elliott testified that he had considered in making his diagnosis and expressing his opinion that Clark was making less money after the accident than before. However, he testified that it was not a factor in his opinion. Appellee then dropped the issue.
Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla. 1973), held that allowing defense counsel to question the plaintiff in a medical malpractice suit with respect to his receipt of social security and workers' compensation benefits was error, notwithstanding the contention that such evidence was offered for the limited purpose of rebutting or impeaching the plaintiff's earlier testimony concerning his motivation and desire to return to work. The court held that this error was prejudicial, notwithstanding the contention that such error did not affect the plaintiff's substantial rights since introduction of collateral benefits could affect only the question of recoverable damages, a question on which the jury apparently did not pass inasmuch as no liability was found on the defendant's part. The court held that it could not be said with any degree of certainty that the jury did not determine that since the plaintiff was otherwise being taken care of, there should be no recovery against the defendant and that the admission of the evidence of receipt of other benefits may have led the jury to believe that the plaintiff was trying to obtain a double or triple payment for one injury. Cook relied on Eichel v. New York Central R. Co., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), which stated:

*477 In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension. .. . It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact.
375 U.S. at 255, 84 S.Ct. at 317. Accordingly, the Cook court held that the plaintiff was entitled to a new trial. Williams v. Pincombe, 309 So.2d 10 (Fla. 4th DCA 1975), involving welfare benefits, and Grossman v. Beard, 410 So.2d 175 (Fla. 2d DCA 1982), involving workers' compensation benefits, followed Cook.
Knight-Ridder Newspapers, Inc. v. Sosa, 407 So.2d 916 (Fla. 3d DCA 1981) (one dissent), affirmed the trial court's order granting a new trial where defense counsel argued to the jury that plaintiff had received workers' compensation benefits, even though no evidence had been adduced which would have supported this argument.
Here no collateral source evidence was actually adduced, nor did appellee make an improper argument to the jury. However, a series of damaging and impermissible questions was asked which very probably prejudiced appellants' case by leading the jury to believe that Clark was currently receiving more than the $100,000 per year he had allegedly been earning prior to his accident, which was not true; appellee's counsel appears to have been laboring under a misconception concerning Clark's prior income. In any event, as in Cook, the jury may well have concluded that appellants were already quite financially well off and needed no additional recovery from appellee. The collateral source instruction, which it should not have been necessary for appellants to request in the first place, was too little and too late to undo the damage done by the series of questions and answers concerning Clark's finances, which this court and others have clearly and unequivocally held to be impermissible.[1]
Accordingly, the final judgment against appellants is REVERSED and the cause REMANDED for a new trial.
RYDER and DANAHY, JJ., concur.
NOTES
[1] The trial court and the attorneys did not have the benefit of this court's opinion in Grossman v. Beard, which was decided subsequent to trial of the instant case, and we do not suggest that appellee's counsel was acting in bad faith in asking these questions.