472 So.2d 776 (1985)
Gerald Earl SKISLAK and Industrial Fire and Casualty Insurance Company, Appellants,
v.
James R. WILSON, Appellee.
No. 83-3015.
District Court of Appeal of Florida, Third District.
June 25, 1985.
Rehearing Denied August 6, 1985.
*777 Nancy Little Hoffmann, Fort Lauderdale, for Gerald Skislak.
Fazio, Dawson & Disalvo, Fort Lauderdale, for Indus. Fire.
Horton, Perse & Ginsberg and Edward A. Perse, Virgin & Kray, Miami, for appellee.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellants Gerald Skislak and Industrial Fire and Casualty Insurance Company (Industrial) appeal from an amended final judgment entered upon a jury verdict awarding damages of $200,000 to appellee James Wilson. It is appellants' contention that a statement made by trial counsel for Mr. Wilson was so inflammatory and prejudicial that they should be granted a new trial. Under the circumstances present in this case, we agree.
The facts giving rise to this appeal may be briefly stated as follows. Gerald Skislak was driving his car eastbound when an unidentified car, which was approaching from the west, made a sudden left-hand turn in front of him. Mr. Skislak swerved to avoid the oncoming vehicle. He lost control of the car and skidded along the shoulder of the road, striking Mr. Wilson who was standing by the roadside. The driver of the unidentified vehicle kept going and was never located.
Mr. Wilson sued Mr. Skislak and Mr. Skislak's insurer, Industrial, for personal injuries he sustained. On voir dire, counsel for Mr. Skislak asked potential jurors whether the fact that his client had insurance coverage would affect their decision as to his client's potential liability. Subsequently, during closing arguments, counsel for Mr. Skislak told the jury that Mr. Skislak shouldn't have to pay for Mr. Wilson's injuries as the accident was unavoidable. Counsel for Mr. Wilson responded that, "he keeps talking about Mr. Skislak having to pay. It is the insurance company that will have to pay." Mr. Wilson was seeking $500,000 in damages and his counsel knew that Mr. Skislak's insurance coverage was limited to $10,000. Counsel for Mr. Skislak moved for a mistrial, which the court denied.
The jury returned a verdict against Mr. Skislak and Industrial for $200,000. After a motion was made to limit judgment on the basis that insurance coverage was limited to $10,000, the trial court entered an amended final judgment jointly and severally against Mr. Skislak and Industrial for $10,000, plus an additional judgment against Mr. Skislak individually for $190,000. The appellants' motion for a new trial was denied. Mr. Skislak appealed from this judgment and Industrial filed a notice of joinder in the appeal.
Appellee Mr. Wilson contends that Mr. Skislak first raised the issue of the existence of insurance coverage on voir dire, and that his counsel's statement that insurance would cover the damages was a justifiable retaliatory response to Mr. Skislak's *778 attorney's closing argument that Mr. Skislak shouldn't have to pay. We disagree.
The voir dire questioning by Mr. Skislak's counsel as to whether the jurors' decision would be affected by Mr. Skislak's insurance coverage was proper. Juries may be apprised of the existence of the insurance carrier as the real party in interest. Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971). The statements of Mr. Skislak's counsel that Mr. Skislak shouldn't have to pay because the accident was not his fault were also proper. A retaliatory response is not justifiable where no improper statements were made in the first place. 55 Fla.Jur.2d, Trial, § 111, at 516-17 (1984).
The statement made by counsel for Mr. Wilson that Mr. Skislak's insurer would have to pay was clearly improper. Case law solidly supports the rule that it is error to tell the jury the amount of insurance coverage that is available. Josey v. Futch, 254 So.2d 786 (Fla. 1971); Stecher v. Pomeroy, 253 So.2d at 422; Beta Eta House Corporation, Inc. v. Gregory, 237 So.2d 163 (Fla. 1970); Melrose Nursery, Inc. v. Hunt, 443 So.2d 441 (Fla. 3d DCA 1984); Klein v. Herring, 347 So.2d 681 (Fla. 3d DCA 1977); Peppe v. Clow, 307 So.2d 886 (Fla. 3d DCA 1974), cert. denied, 339 So.2d 1171 (Fla. 1976).
While the court in Stecher v. Pomeroy, 253 So.2d at 422, held that the reference to the amount of insurance coverage was harmless error, it did so by examining the entire record and finding the statement had no adverse effect upon the jury's verdict. This is not so in this case. Here, the issue of liability was very close. Testimony was offered by appellants that Mr. Skislak had done no wrong and that his striking Mr. Wilson was unavoidable. These facts are analogous to Pierce v. Smith, 301 So.2d 805 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975). In Pierce v. Smith, the issue of liability was also extremely close. Plaintiff's counsel had told the jury that "[a]n adverse verdict will only call for [defendant's] insurance company to pay the verdict that is imposed against him." Id. at 807. The court ordered a new trial on both liability and damages, finding that the unwarranted remarks were calculated to influence the jury with respect to liability and damages. We find that the argument of Mr. Wilson's counsel that the insurance company would have to pay may have adversely affected the jury verdict with respect to liability and damages, given that the evidence on the issue of liability was so close.
Finally, it is well-established that where remarks of a highly prejudicial and inflammatory nature are made by counsel during the course of a jury trial, reversal for a new trial must be ordered. Williams v. Winn Dixie Stores, Inc., 443 So.2d 195 (Fla. 3d DCA 1983); Erie Insurance Company v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981).
For the foregoing reasons, we cannot hold this error to be harmless. Reversed and remanded for a new trial on all issues.