537 So.2d 597 (1988)
Morris Alan GOODMAN, Appellant,
v.
ROMA CONSTRUCTION COMPANY, INC., Appellee.
No. 87-2915.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Rehearing Denied February 15, 1989.
High, Stack, Lazenby & Palahach and Charles R. Stack, Coral Gables, for appellant.
Dougherty and Rocheteau, Miami Beach, Richard A. Sherman and Rosemary B. Wilder, Ft. Lauderdale, for appellee.
Before NESBITT and FERGUSON, JJ., and HAROLD R. VANN, Associate Judge.
PER CURIAM.
Officer Morris Goodman slipped on gravel as he exited his police car at a Roma construction site. Despite heroic medical efforts, his badly twisted leg required amputation below the knee. Suit was filed against Roma Construction Company claiming Goodman's severe bodily injuries were the direct and proximate result of his fall on Roma's construction debris. A default judgment was entered against Roma for failing to respond to the complaint and the case proceeded to trial on the issue of damages. Although several issues were raised by the subsequent appeal, we focus upon that issue which constitutes reversible error.
Because Officer Goodman was acting within the scope of his duties at the time of injury, the Metropolitan-Dade County Police Department properly filed a workers' compensation lien which claimed the right to reimbursement for all past medical expenses and lost earnings benefits to be paid in Goodman and for all benefits to be paid in the future. Throughout the course of the trial, over Goodman's continued objections, Roma made repeated references to appellant's workers' compensation records, and was permitted to introduce departmental injury reports, enlargements of workers' compensation forms, as well as Goodman's income tax returns for the two years following the accident. Each clearly reflected Goodman's receipt of full workers' compensation benefits. During the charge conference, *598 Goodman requested, inter alia, Collateral Source Instruction 6.13, Florida Standard Jury Instructions. The instruction was denied. The jury returned a verdict for $500,000  $88,108.83 less than Goodman's medical expenses and lost earnings amounted to at time of trial.
It has long been held, to bring information before the jury as to an injured plaintiff's right to workers' compensation benefits constitutes prejudicial error because such information presumably influences the jury against the plaintiff. Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla. 1973); accord Winston Towers 100 Ass'n v. De Carlo, 481 So.2d 1261 (Fla. 3d DCA), cause dismissed, 488 So.2d 832 (Fla. 1986); Skislak v. Wilson, 472 So.2d 776 (Fla. 3d DCA 1985); Grossman v. Beard, 410 So.2d 175 (Fla. 2d DCA 1982); Williams v. Pincombe, 309 So.2d 10 (Fla. 4th DCA 1975); Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963). As requested by Goodman during trial, collateral source references and materials should have been stricken as each was presented and the jury immediately given a curative instruction to disregard it. Because neither collateral source nor appropriate curative instructions were given, prejudicial error is presumed and a new trial on damages is required. Sosa v. Knight-Ridder Newspapers, 435 So.2d 821 (Fla. 1983); Kreitz v. Thomas, 422 So.2d 1051 (Fla. 4th DCA 1982); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Seminole Shell Co. v. Clearwater Flying Co., 156 So.2d 543 (Fla. 2d DCA 1963); see Carls Markets v. Meyer, 69 So.2d 789 (Fla. 1953); Porto v. Khan, 242 So.2d 174 (Fla. 1st DCA 1970); Crowell v. Fink, 167 So.2d 614 (Fla. 1st DCA 1964); Greyhound Corp. v. Ford, 157 So.2d 427 (Fla. 2d DCA 1963).
Accordingly, the judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.