ON REHEARING EN BANC
PER CURIAM.
On the court’s own motion, this case was set for rehearing en banc to decide whether we should adhere to the ruling in Cook v. Eney, 277 So.2d 848 (Fla.3d DCA 1973), that admitting evidence suggesting that the plaintiffs were entitled to collateral source payments for their claimed loss is an error which is presumed to have affected a jury verdict exonerating the defendant from all liability.
This case arose when a fire broke out in the home of Paul and Josephine Gormley. The Gormleys, alleging that the fire was caused by a defect in their television set, sued GTE Products Corporation, the manufacturer of the set. They claimed damages to both their persons and property.
During the trial of the case, the Gorm-leys testified, inter alia, to the value of their property loss. To impeach this testimony, the defendant offered a sworn proof of loss statement submitted by the Gorm-leys to their insurance carrier in which the Gormleys placed a lower value on the very same property. Over the Gormleys’ objection, the trial court admitted the impeaching document.
It is clear that the admission of the proof of loss statement, from which the jury could infer that the Gormleys were entitled to be compensated for their property losses by their insurance company, violated the general rule prohibiting the introduction of evidence of the receipt of collateral source benefits. While the defendant was entitled to introduce evidence to show that at trial the Gormleys had inflated their property losses, it was not entitled to show that the Gormleys were insured for the losses under their homeowners policy and had therefore likely received collateral source benefits. This same impeachment could have been, but was not, accomplished by redacting the statement so as to eliminate any reference to insurance.
But while we agree that the admission of the insurance statement was error, we do not agree that the Gormleys have shown that the error was harmful and that, therefore, reversal is required.
The jury in this case returned a special interrogatory verdict finding that there was no negligence on the part of the defendant which was a legal cause of damage to the plaintiffs and that the defendant did not place a defective television set on the market which was a legal cause of damage to the plaintiffs. The defendant argues, therefore, that because the inadmissible evidence pertains to damages only, and because the jury’s verdict found no liability without ever reaching the questions concerning damages, the error is completely harmless.
Predictably, the plaintiffs challenge the defendant’s first premise. Correctly invoking Cook v. Eney, they observe that although collateral source evidence ostensibly pertains to damages only, it in fact contaminates the jury verdict on liability:
“It is argued that such an error did not affect the appellant’s substantial rights since the introduction of collateral benefits can affect only the question of recoverable damages, a question upon which the jury herein did not pass, inasmuch as no liability was found on appellee’s part.
[[Image here]]
“Appellee’s suggestion that evidence of receipt of collateral benefits would be restricted to the issue of damages, and would not affect the determination of liability, ignores that the evidence was presumably considered without qualification as bearing on a basic fact essential to liability. It cannot be said with any degree of certainty that the jury did not determine that since the appellant was otherwise being taken care of, there should be no recovery against appellee in tort.”
*731 Cook v. Eney, 277 So.2d at 850.
Admittedly, this holding in Cook v. Eney has attracted a following. See Miami Beach Texaco v. Price, 433 So.2d 1227 (Fla. 3d DCA 1983) (affirming grant of new trial on liability); Kreitz v. Thomas, 422 So.2d 1051 (Fla. 4th DCA 1982) (collateral source evidence may have influenced the jury on the question of whether plaintiff suffered permanent injury); Clark v. Tampa Electric Co., 416 So.2d 475 (Fla. 2d DCA 1982); Williams v. Pincombe, 309 So.2d 10, 11 (Fla. 4th DCA 1975) (“Such evidence had the tendency to confuse and mislead the jury on the issue of the defendant’s liability and its admission by the trial court constituted error prejudicial to the plaintiff.”). Nonetheless, the defendant says that this court has often found that a new trial on damages only is a sufficient remedy to cure the error of admitting collateral source evidence. See Pfister v. Parkway General Hospital, Inc., 405 So.2d 1011 (Fla. 3d DCA 1981); Peppe v. Clow, 307 So.2d 886 (Fla. 3d DCA 1974). Moreover, in a number of cases where courts have decided that a new trial on both damages and liability was required, they did so only after concluding that the collateral source evidence had a “specific and articulable propensity for genuine prejudice on liability issues.” Stanley v. United States Fidelity & Guaranty Co., 425 So.2d 608, 615 (Fla. 1st DCA 1982), reversed on other grounds, 452 So.2d 514 (Fla.1984).[1] It would seem, then, that because the eases are in conflict, we must choose the rule to be followed.
We think the better rule is that evidence of the receipt of benefits from collateral sources affects only the question of damages in the absence of a showing that it affects the question of liability. Although the district court in Stanley v. United States Fidelity & Guaranty Co., 425 So.2d 608, 617, concluded that the burden of showing that this improperly admitted evidence did not influence the jury on liability should be on the defendant who sought the benefit of the evidence, we think placing the burden on the defendant — now, the ap-pellee — runs counter to the supreme court rule that the burden to demonstrate on appeal that an error was harmful is upon the appellant. See Whitman v. Castlewood International Corp., 383 So.2d 618 (Fla.1980); Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1978). See also Pfister v. Parkway General Hospital, Inc., 405 So.2d 1011.[2]
Our inquiry thus becomes whether the appellants — no longer the beneficiaries of a presumption — satisfied their burden to show that the jury found against them on the liability issue because of the evidence that suggested that they received benefits for their loss from collateral sources. We conclude that they have not.
First, the defendant presented a vigorous defense on the issue of liability, and there was more than substantial evidence upon which the jury could have concluded — as it did — that the defendant was not liable. Compare Skislak v. Wilson, 472 So.2d 776, 778 (Fla. 1st DCA 1985); Kreitz v. Thomas, 422 So.2d at 1052. Second, the jury’s finding of no liability rejected the plaintiffs’ claims for property and personal injury losses, notwithstanding that the inadmissible evidence was a proof of loss regarding property only. It is thus extremely doubtful that it was the inadmissible evidence that persuaded the jury to find no liability whatsoever. Third, the inadmissible evidence at most suggested that the plaintiffs were insured, not that they had actually been compensated for any loss by the in- *732 suranee carrier. See Johnson v. Canteen Corp., 528 So.2d 1364 (Fla. 3d DCA 1988). And, quite obviously, since there was no evidence that the plaintiffs actually received collateral source payments, the jury was not told that the plaintiffs were completely compensated by such payments. Compare Stanley v. United States Fidelity & Guaranty Co., 425 So.2d at 615.
Accordingly, we recede from Cook v. Eney to the extent that it suggests that a plaintiffs entitlement to collateral source benefits is presumed to affect the jury’s determination on liability. We instead adopt the rule which places the burden on the appellant to demonstrate that the admission of such evidence affected the jury's liability determination. ■ Since the appellants have failed to satisfy their burden that they were harmed by the error of admitting the collateral source evidence, the judgment for the defendant is
Affirmed.
BARKDULL, NESBITT, BASKIN and JORGENSON, JJ., concur.

. In Stanley, the district court characterized Kreitz v. Thomas, 422 So.2d 1051, Clark v. Tampa Electric Co., 416 So.2d 475, and Williams v. Pincombe, 309 So.2d 10, as cases involving demonstrable rather than presumptive prejudice on the liability issue.

. We cite these cases for the general proposition that the appellant has the burden of proving harmful error. The "two-issue” rule discussed in these cases is simply not involved in the analysis unless one first determines that the inadmissible evidence goes to the issue of damages only. Only then can it be said that because the jury found no liability, the plaintiffs have failed to show that the error harmed them. However, if one concludes as the court did in Cook v. Eney that the inadmissible evidence goes to the issues of damages and liability, then the error is harmful even if the jury finds no liability.