SCHWARTZ, Chief Judge
(dissenting).
I must dissent from the decision to affirm. In my view, there is no basis whatever for departing from the rule embodied in Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA 1973), cert. denied, 285 So.2d 414 (Fla. 1973), that an improper reference to the plaintiff's receipt of collateral payments prejudicially affects his ability to recover for the same loss from a third party. This doctrine, as articulated and applied in Cook, is both independently well-founded and, undoubtedly for that reason, is supported by a virtual unanimity of authority to the same effect. Following the rule of stare decisis, I would therefore apply Cook and reverse the judgment below.
On the point in question, Cook reasons as follows:
It is argued that such an error did not affect the appellant’s substantial rights since the introduction of collateral benefits can affect only the question of recoverable damages, a question upon which the jury herein did not pass, inasmuch as no liability was found on appellee’s part.
tfs * sfc * ¾: sfc
Appellee’s suggestion that evidence of receipt of collateral benefits would be restricted to the issue of damages, and would not affect the determination of liability, ignores that the evidence was presumably considered without qualification as bearing on a basic fact essential to liability. It cannot be said with any degree of certainty that the jury did not determine that since the appellant was otherwise being taken care of, there should be no recovery against appellee in tort.
Cook, 277 So.2d at 850. The majority's decision contains no criticism of the soundness of this determination. In fact, its correctness is supported by:
(a) A long series of decisions of this court which cite, rely upon and follow Cook, culminating in the very recent case of Goodman v. Roma Const. Co., 537 So.2d 597 (Fla. 3d DCA 1988), review denied, 544 So.2d 200 (Fla. 1989); accord Winston Towers 100 Ass’n v. De Carlo, 481 So.2d 1261 (Fla. 3d DCA 1986), cause dismissed, 488 So.2d 832 (Fla.1986); Skislak v. Wilson, 472 So.2d 776 (Fla. 3d DCA 1985); Miami Beach Texaco, Inc. v. Price, 433 So.2d 1227 (Fla. 3d DCA 1983); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975);
(b) The decision of the Supreme Court of Florida in Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821 (Fla.1983), reversing Knight-Ridder Newspapers, Inc. v. Sosa, 407 So.2d 916, 918 (Fla. 3d DCA 1981), which strongly indicates an identical holding.[1] See Knight-Ridder, 407 So.2d at 919 (Baskin, J., dissenting);
*733 (c) A series of decisions of other districts which are likewise to the same effect: Clark v. Tampa Electric Co., 416 So.2d 475 (Fla. 2d DCA 1982), pet. for review denied, 426 So.2d 29 (Fla.1983); Grossman v. Beard, 410 So.2d 175 (Fla. 2d DCA 1982); Williams v. Pincombe, 309 So.2d 10 (Fla. 4th DCA 1975). Of these, the pre-Cook decision in Seminole Shell Co. v. Clearwater Flying Co., 156 So.2d 543 (Fla. 2d DCA 1963), that references by the defendant in a property damage action to the plaintiff-owner’s receipt of insurance benefits requires a new trial on both liability and damages is almost identical to the present case;
(d) The United States Supreme Court decision on the same question in Eichel v. New York Cent.R.R., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), which Cook explicitly follows, Cook, 277 So.2d at 850; and
(e) A series of analogous Florida cases in which, for example, improper references to insurance implying that one other than the defendant must pay the judgment, have been held adversely to affect the question of the defendant’s liability vel non. See Carls Markets, Inc. v. Meyer, 69 So.2d 789 (Fla.1953).
Moreover, and contrary to the court’s position on the issue, I do not believe that one may say even that “the cases are in conflict” on this question. At 731. Upon analysis, none of the only three cases cited for this proposition support that conclusion. Pfister v. Parkway General Hospital, Inc., 405 So.2d 1011 (Fla. 3d DCA 1981), review denied, 413 So.2d 876 (Fla.1982) does not refer, much less consider the effect of Cook, but affirms upon an application of the two issue rule which the majority quite correctly acknowledges does not apply in a situation in which the Cook rule is involved. At 731 n. 2.[2] Peppe v. Clow, 307 So.2d 886 (Fla. 3d DCA 1974), cert. denied, 339 So.2d 1171 (Fla.1976) similarly does not cite nor concern Cook; it merely states without analysis or discussion that when a plaintiff has improperly injected the defendant’s liability insurance into the case, a new trial is properly granted for the defendant on damages alone. I do not understand the pertinence of Peppe to the present issue. Finally, Stanley v. United States Fidelity & Guaranty Co., 425 So.2d 608 (Fla. 1st DCA 1982), rev’d sub nom on other grounds. Florida Physician’s Ins. Reciprocal v. Stanley, 452 So.2d 514 (Fla. 1984) does not at all conflict with Cook; to the direct contrary, Stanley specifically cites[3] Cook v. Eney as one of the decisions it approves and follows in which the collateral source evidence had a specific and articulable propensity for genuine prejudice on liability issues, either suggesting that claimant was already fully compensated for his injury or tending to defame claimant’s motives or general verdict-worthiness.
Stanley, 425 So.2d at 615.
Finally, as the court concedes,[4] there is nothing in the two issue rule established by Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977), which affects the propriety of our adherence to or departure from Cook. The rule is one of appellate procedure which provides that an appellant may not secure a reversal because of an error which affects the determination of only one separate issue when, because of the absence of special interrogatories or otherwise, he cannot establish that that *734 issue was the basis for the jury decision. Under Cook, however, it is a given that the issues are not discrete, because the collateral source error is deemed, as a matter of law, to infect the liability verdict — indeed, this is the very nature of the rule itself. Thus, a “special interrogatory” demonstrating the basis of the verdict would be irrelevant and unnecessary to a showing of harmful error. To alter a well-founded principle of law regarding the presumptive existence of prejudice in order to render dispositive an otherwise irrelevant technical requirement concerning the preservation of error would result only in the procedural tail unjustifiably wagging the substantive dog.
In sum, the majority presents us with no ground based upon either reason or authority to overrule Cook v. Eney or its numerous ancestors, collateral relatives and descendants.[5] While the strength of the doctrine of stare decisis may well be debatable, it seems clear that it forbids discarding this vast array of authority on grounds as tenuous as those asserted by the court. See Old Plantation Corp. v. Maule Indus., 68 So.2d 180 (Fla. 1953); Joseph v. State, 447 So.2d 243 (Fla. 3d DCA 1983) (Hubbart, J., dissenting). Instead of departing from Cook, therefore, I would overrule Pfister which, as all acknowledge, cannot stand in the face of the Cook holding. Accordingly, I would reverse the judgment below for a new trial.
HUBBART and FERGUSON, JJ., concur.

. The supreme court upheld a new trial order which included the following:
7. This Court also grants the motion for new trial on the ground that this Court improperly allowed reference to collateral source to be made to the jury. The trial testimony reflects that counsel for the plaintiff agreed only that certain bills "have been paid.” ... In closing argument, counsel for the defendants argued over the plaintiff's objection overruled by this Court ... that the bills were paid by the workmen’s compensation carrier. The argu-. *733 ment advanced by counsel for the defendants was predicated on facts not in evidence for which a new trial be and the same is hereby granted.

.The "two-issue" rule discussed in these cases is simply not involved in the analysis unless one first determines that the inadmissible evidence goes to the issue of damages only. Only then can it be said that because the jury found no liability, the plaintiffs have failed to show that the error harmed them. However, if one concludes as the court did in Cook v. Eney that the inadmissible evidence goes to the issues of damages and liability, then the error is harmful even if the jury finds no liability.

. The court’s footnote 1 at page 731 mistakenly omits Cook v. Eney from the cases designated by the First District in Stanley as those which involve "demonstrable rather than presumptive prejudice on the liability issue” and of which the majority therefore apparently deems correct.

. See supra note 2.

. While, whatever the wisdom of that course may be, this court at least has the power to overrule one or more of its own cases, we do not have the similar authority to refuse to follow a pertinent decision of the Supreme Court of Florida. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973). In my view, Sosa v. Knight Ridder, 435 So.2d at 821 is just such a decision.