712 So.2d 1138 (1998)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Andrew GORDON and Victoria Simons, his wife, Appellees.
No. 96-3430.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied July 22, 1998.
Sparkman, Robb, Mason & Ginsberg; Parenti, Falk & Waas, and Gail Leverett Parenti, Coral Gables, for appellant.
Anderson, Moss, Sherouse & Petros, Miami; Cooper & Wolfe and Sharon L. Wolfe, Miami, for appellees.
Before GERSTEN, FLETCHER and SORONDO, JJ.
PER CURIAM.
State Farm Mutual Automobile Insurance Company [State Farm] appeals a final judgment in the amount of $3,131,000.00 entered in favor of its insureds, Andrew Gordon and his wife Victoria Simons. State Farm raises three points on appeal: a jury selection issue and two evidentiary rulings.
As one of its evidentiary points, State Farm complains that the trial court abused its discretion by excluding from evidence testimony that would have informed the jury that the plaintiff, Andrew Gordon, receives considerable disability insurance payments (in excess of $15,000 per month) since he ceased working as an attorney following an automobile accident insured by State Farm. Generally, we do not believe that Florida law forbids the introduction of evidence of collateral sources of income where the plaintiff testifies regarding his post-accident income in such a manner as to mislead the jury, if the issue is properly preserved for appellate review. Unfortunately, because our careful review of the trial record in this case does not show that State Farm properly preserved the issue in this case, we reluctantly affirm on this point.
The plaintiff in this case is a lawyer who practiced as a partner in the firm of Shutts and Bowen until he allegedly was forced to retire due to disability resulting from an automobile accident caused by an under insured driver. State Farm carried plaintiff's uninsured motorist coverage and paid most of plaintiff's initial medical expenses. Plaintiff continued to complain of neck pain and underwent multiple tests and therapies in an attempt to alleviate the pain between 1993 and 1995, when he quit his practice with Shutts and Bowen and began drawing disability and pension income. When State *1139 Farm denied his claim for its $200,000 policy limit, plaintiff brought this law suit.
Prior to trial, plaintiff filed a motion in limine to preclude the introduction of evidence concerning plaintiff's disability income. State Farm sought to introduce this evidence based on section 627.7372, Florida Statutes (1991), and because it was relevant to plaintiff's motivation to return to work. At the time this motion was made, the trial court properly ruled the evidence inadmissible, concluding that its prejudicial impact outweighed its probative value. See Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA 1973). At trial, and subsequent to the motion in limine ruling, the plaintiff testified that he could not seek employment at another firm because under his partnership agreement at Shutts and Bowen he was subject to a non-compete covenant. He further testified that in order to receive his pension of $20,000 he could not violate that agreement. Specifically he said: "I would lose that $20,000 a yearI can't really go anywhere else until I feel really comfortable that I am going to make more than $20,000 a year ..." This testimony purposely misled the jury to believe that plaintiff's income was $20,000 per year, when in reality it was $212,000 ($192,000 per year from disability insurance (tax-free) plus the $20,000 pension). We believe this egregious misrepresentation opened the door to the introduction into evidence of the plaintiff's disability insurance benefits. The problem here is that once the door was thus opened, State Farm did not attempt to cross the threshold. Its subsequent efforts to address the problem during closing arguments and by way of motion for new trial were too little, too late.
In Cook, this Court held that evidence of plaintiff's receipt of social security and workers' compensation benefits was not admissible to rebut or impeach his testimony concerning his motivation and desire to return to work. This Court relied on the United States Supreme Court's statement in Eichel v. New York Central Railroad Company, 375 U.S. 253, 255, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), that:
"[T]he likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension....[A showing of] receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact."
Cook and Eichel have been cited as authority in other Florida cases holding that evidence of collateral sources is inadmissible to establish malingering by the plaintiff, or to rebut or impeach plaintiff's stated motivation to return to work. See, e.g., Gormley v. GTE Products Corp., 587 So.2d 455 (Fla. 1991); Parker v. Hoppock, 695 So.2d 424, 428 (Fla. 4th DCA 1997); Clark v. Tampa Elec. Co., 416 So.2d 475, 476-77 (Fla. 2d DCA 1982); Williams v. Pincombe, 309 So.2d 10, 11 (Fla. 4th DCA 1975). The facts of those cases, however, are distinguishable in that there is no indication that the plaintiffs there purposely sought to mislead the jury by misrepresenting their financial status. In the present case, plaintiff's testimony clearly suggested to the jury that he was living on his $20,000 pension and that he could not risk losing it unless he had a guarantee of at least that much at another job. This was not an honest representation of his situation and was totally unnecessary to the presentation of his case, except as it might serve to deceive the jury. The scenario painted by this testimony suggested that this talented, successful lawyer at a major law firm had been reduced to abject poverty by his injuries. This clearly was not the case.
As previously stated, at the time the trial judge ruled on plaintiff's motion in limine, his ruling was eminently correct. Had State Farm sought a reconsideration of that ruling at the time of or subsequent to the plaintiff's misleading testimony in order to present evidence of plaintiff's true financial situation, the trial judge may have changed his ruling. Because State Farm made no request to introduce such evidence, this issue has not been preserved for appellate review. Were this not the case, and were we permitted to fully review the issue, we might very *1140 well have reversed the final judgment in reliance on well-reasoned authority from the federal system and another state court. Those courts permit introduction of "collateral source" evidence for the limited purpose of rebuttal of a plaintiff's own affirmative testimony, like that presented by Gordon in this case, arguably designed to place before the jury a false impression of poverty and hardship. See, e.g., Lange v. Missouri Pacific R.R., 703 F.2d 322, 324 (8th Cir.1983); Gladden v. P. Henderson & Co., 385 F.2d 480, 483 (3d Cir.1967); Jackson v. Beard, 146 Ind. App. 382, 255 N.E.2d 837, 846-48 (1970). Unfortunately, due to the lack of preservation in this case, we are precluded from doing so.
We have also carefully considered the other points raised by State Farm, but find that neither presents reversible error.
Affirmed.